ROBERT R. BALLANTYNE *vs.* FREDERICK H. APPLETON,

Assignee of LINCOLN PULP & PAPER CO., Insolvent.

Penobscot.   Opinion May 30, 1890.

*Sales.   Conditions.   Recision.   Assignee's title.*

Where the buyer is by the terms of the contract bound to do anything as a condition, either precedent or concurrent on which the passing the title depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer.

When payment is to be concurrent with the survey and delivery, and none of these conditions have been complied with, nor waived by either seller or purchaser; *Held*, that the title to the goods will not pass.

The plaintiff contracted to furnish the defendant an entire quantity of wood within a specified time.   After a small portion had been hauled, and before any survey required by the terms of the contract had been made, the defendant became insolvent; thereupon the plaintiff notified the defendant not to survey the wood, claiming it as his own, and the defendant replied, "all right."   *Held*, that the facts would support the inference of a recision of the contract.

*Held*, that the defendant, as assignee in insolvency, took no better title than the insolvent corporation had.

On report.

This was an action of trover for thirty-six cords of poplar wood, which the plaintiff had hauled and landed on the premises of the Lincoln Pulp and Paper Company, of which the defendant is the assignee in insolvency, under a contract to furnish the company with one hundred and twenty-five cords in all. The terms of the contract and other material facts are stated in the opinion.

*Charles Hamlin and Jasper Hutchings, J. F. Robinson,* with them.

Recision : *Seed* v. *Lord,* 66 Maine, p. 582.    Conditional sales : *Whitney* v. *Eaton,* 15 Gray, p. 225 ; *Kein* v. *Tupper,* 52 N. Y. p. 555 ; 1 Benj. Sales, book 2, c. 3, § 360 (Kerr's ed. 1888) ; *Stone* v. *Peacock,* 35 Maine, 385 ; *Stephens* v. *Santee,* 49 N. Y. 35 ; *Cornell* v. *Clark,* 104 N. Y. 451 ; *Fuller* v. *Bean,* 34 N. H. p. 301 ; *Acraman* v. *Morrice,* 8 C. B. 449 ; *Rugg* v. *Minett,* 11 East, 210.

Entirety : *Miller* v. *Goddard,* 34 Maine, 102 ; *Kein* v. *Tupper, supra ; Elgee Cotton Cases,* 22 Wall, 180 ; *Anderson* v. *Morice,* 7 L. R. Q. B. 436 ; 1 Benj. Sales, book 2, c. 3, § 371, (Kerr's ed.).

*F. H. Appleton and H. R. Chaplin,* for defendant.

Principle of conditional sales, relied on by plaintiff, requires an express reservation of title, by the seller, until performance of the condition. Benj. Sales, § 425, ( Corbin's ed. ); *Everett* v. *Hall,* 67 Maine, 497 ; *Brown* v. *Haynes,* 52 Id. 578 ; *Angier* v. *Taunton Paper Mfg. Co.,* 1 Gray, 621.

Entirety : Chitty Con. p. 599 and cases cited. *Paige* v. *Ott,* 5 Denio, 406 ; *Hunt* v. *Thurman,* 15 Vt. 336.

Contract silent as to specification, inspection or culling. *Gardner* v. *Lane,* 9 Allen, 492, 500.

Delivery to buyer will pass the property though the goods are afterwards to be weighed or counted. *Macomber* v. *Parker,* 13 Pick. 175 ; *Riddle* v. *Varnum,* 20 Pick. 280 ; *Cushman* v. *Holyoke,* 34 Maine, 289 ; *Odell* v. *R. R. Co.,* 109 Mass. 50 ; *McNeil* v. *Keleher,* 90 U. C. C. P. 470 ; *Burrows* v. *Whitaker,* 71 N. Y. 291 ; *Wyoming Nat. Bank* v. *Dayton,* 102 U. S. 59.

LIBBEY, J.    This is trover to recover the value of thirty-six

cords of poplar wood, which the defendant took and sold as the assignee in insolvency of the Lincoln Pulp and Paper Company. The issue involved between the parties is, whether as between the plaintiff and the company the title to the wood had passed to the company, or remained in the plaintiff.

It was hauled by the plaintiff and piled up on the lands of the company, in December 1886, and January 1887, under a written contract between the parties, the material part of which reads as follows: "For the consideration hereafter stipulated to be paid by party of the first part, the said R. R. Ballantyne, party of the second part, agrees to furnish and deliver on the company's land at mill in Lincoln, one hundred and twenty-five cords peeled, green, poplar wood, to be cut four feet long from point to scarf and generally cleft; to be sound and merchantable ; to contain no logs unsplit larger than seven inches in diameter, and no sticks larger than seven by eight inches, no small wood less than three inches in diameter, when peeled. All to be delivered by the first day of May next. Said wood to be well peeled, knotted, cleaned and fitted for the chipper, and to be well piled, bottom tiers to be protected. Said wood shall be surveyed by some competent surveyor, when so peeled, to be appointed and paid by said company.

And it is further agreed that a deduction shall be made in the survey for wood cut short, and for decayed, crooked and small wood. And the party of the first part agrees to pay therefor at the rate of four dollars ($4.00) per cord when said wood shall be delivered and surveyed as aforesaid."

This contract is dated the twentieth day of November 1886. The facts which we deem it necessary to consider, in determining the question in contention between the parties, are as follows: The plaintiff commenced hauling his wood, in the performance on his part of the contract recited, in December 1886 ; and as he hauled it, piled it upon the land of the company at a point designated by the company's agent. When he learned of the insolvency of the company in January, he went to the company's office and informed its agent, whom he found there, that he did not wish to have the wood scaled, and that he claimed it as his.

And to that, the agent replied, "all right." The wood hauled was never scaled by any surveyor; nothing was paid for it, and no part of it used by the company.

Upon these facts, we think the title did not pass to the company under the contract between the parties. The general rule of law applicable to cases like this is, "Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer." Benj. Sales, vol. 1, book 2, c. 3, § 360. *Houdlette* v. *Tallman*, 14 Maine, 400; *Hotchkiss* v. *Hunt*, 49 Maine, 213.

Sometimes the facts of the case may take it out of this rule; but we discover nothing in this case which should do so. Here, the contract particularly describes the wood that was to be delivered under it, the kind of wood, its length; that it should be generally cleft, sound and merchantable, containing no logs unsplit larger than seven inches in diameter, and no sticks larger than seven by eight inches; no small wood less than three inches in diameter when peeled. It was to be well peeled, knotted, cleaned and fitted for the chipper; and to be well piled. A deduction was to be made in the survey for wood cut short and for decayed, crooked and small wood. It was to be surveyed by some competent surveyor, *when so delivered*, to be appointed and paid by said company. And the company was to pay for it, "when said wood shall be *delivered* and *surveyed* as aforesaid."

From the language of the contract, we think it must be held that the parties contemplated that these acts should be done and the wood paid for before the title passed to the purchaser. It was to be surveyed according to the terms of the contract by a competent surveyor. The quantity could be ascertained only by measurement. But a mere survey by measurement would not comply with the terms of the contract. The duty of the surveyor would require him to carefully inspect the wood and determine whether it complied with the terms of the contract in kind, quality and dimensions, and to determine what deduction should

be made if any portion of it was found not to comply with the terms of the contract. *Berry* v. *Reed*, 53 Maine, 487. And the payment by the purchaser was to be concurrent with the survey and delivery. None of these conditions had been complied with, nor had they been waived by either party.

But there is another ground on which we think the same result would be reached. The contract was for an entire quantity of one hundred and twenty-five cords, to be delivered within a specified time. When a small portion of it had been hauled, and before any survey had been made, the company became insolvent, and the plaintiff thereupon gave to its agent notice that he would not have it surveyed, but claimed the wood as his, to which an answer was given, "all right."

We think these facts would authorize the inference that the contract was rescinded.

The defendant took no better title than the company had.

*Judgment for the plaintiff for* $135.00, *and interest from May* 12, 1887, *as agreed by the parties.*

PETERS, C. J., WALTON, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.